1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   J & J Sports Productions, Inc.,              No. 2:11-cv-00648 KJM CKD

12                    Plaintiff,                  ORDER

13          v.

14   Jason Bernard Brown, et al.,

15                    Defendants.

16

17          In 2011, the court granted J & J Sports Productions' (J&J) motion for default judgment

18   against defendants Jason Bernard Brown, Lawrence L. Brown (Brown), American Spirit Sports

19   Bar, and JBeezy Enterprises (JBeezy).  Now, some thirteen years on, Brown moves to set aside

20   the judgment, arguing he had not been properly served.  As described more fully below, the court

21   **denies** Brown's motion.

22   **I.      BACKGROUND**

23          As alleged in the complaint, J&J possessed the exclusive nationwide commercial

24   distribution rights to "The Event," a boxing match between Manny Pacquiao and Joshua Clottey

25   on March 13, 2010.  Compl. ¶ 11, ECF No. 1.  Defendants owned the American Spirit Sports Bar

26   at 3270–3272 Northgate Boulevard in Sacramento, California, and willfully broadcast the fight

27   without authorization from J&J.  *See id.* ¶¶ 7–9, 14–15.  In 2011, J&J filed suit in this court

28   alleging defendants violated 47 U.S.C. §§ 553 and 605, California Business and Professions Code

                                                 1

1    section 17200 and also that they committed conversion.  *See generally id.*  The complaint alleged

2    Brown had dominion or control over American Spirit Sports Bar.  *See id.* ¶ 8.

3        J&J had a process server attempt personal service on Brown.  *See* Summons Returned

4    Executed at 2, ECF No. 6.  On six occasions from May 27, 2011, through June 6, 2011, the

5    process server went to American Spirit Sports Bar and attempted to serve Brown.  *See id.*  On all

6    six occasions, Brown was not at the bar.  *See id.*  On his sixth attempt at personally serving

7    Brown, the process server opted instead for substitute service under California law after learning

8    Brown was not at the bar.  *See id.*  The process server gave a copy of the summons and complaint

9    to a man at American Spirit Sports Bar named "Borry Johnson" and instructed him to deliver the

10    documents to Brown.  *See id.*  On June 7, 2011, the process server mailed a copy of the summons

11    and the complaint in a sealed envelope with First Class postage and addressed it to Brown at the

12    American Spirit Sports Bar at 3270–3272 Northgate Boulevard in Sacramento.  *See id.* at 3.  The

13    process server signed the return of service on June 15, 2011, and J&J filed the return of service

14    with the court on June 22, 2011.  *See id.*

15        No defendant responded to the complaint.  *See* Clerk's Entry of Default, ECF No. 11.  On

16    July 15, 2011, the clerk entered a default against all defendants.  *See id.*  On August 31, 2011, the

17    assigned magistrate judge recommended default judgment be granted to J&J in part because the

18    magistrate judge found all defendants had been properly served.  *See* F&Rs at 4, ECF No. 20.

19    Ultimately the magistrate judge recommended a damages award of $85,000 because the

20    defendants had violated section 47 of the United States Code and had committed conversion.  *See*

21    *id.* at 5.  The magistrate judge found a heightened damages award was necessary in part because

22    J&J had brought two similar claims against defendants, including one based on events in January

23    2010, suggesting defendants were repeat offenders and had been on notice before the broadcast of

24    "The Event" in March 2010 that pirating the broadcast was illegal.  *See id.*  On December 30,

25    2011, the court accepted the magistrate judge's findings and recommendations and issued a

26    judgment of $85,000 in favor of J&J against all defendants.  *See* Order (Dec. 30, 2011), ECF No.

27    21.

28    /////

2

1  On February 18, 2025, Brown filed a motion to set aside the default under Rule 55(c) of

2  the Federal Rules of Civil Procedure and vacate the default judgment under Rule 60(b)(4) of the

3  Federal Rules of Civil Procedure.  *See* Mot., ECF No. 46; Mem., ECF No. 46-1.  Brown claims

4  he was never aware of this lawsuit until October 2023, when his bank informed him it was

5  withholding funds from him due to the judgment for J&J.  *See* Mem. at 4.  Brown argues he was

6  never properly served and therefore the judgment is void.  *See id.* at 5–6.  His argument rests on

7  the idea that J&J should have served Brown at Brown's home address, or at the address of Jason

8  Bernard Brown, Brown's now deceased son, *see* Mem. at 3, because those were the addresses

9  listed on JBeezy's official and publicly available business filings, *see id.* at 5–6.  Brown also

10  argues the American Spirit Sports Bar was out of business in 2011 and J&J should not have

11  attempted service there.  *See id.*  Brown argues that because J&J did not serve Brown at the

12  publicly listed addresses of JBeezy and because American Spirit Sports Bar was out of business,

13  J&J's attempts to serve Brown at the American Spirit Sports Bar lacked diligence and were

14  therefore invalid under California law.  *See id.* at 5–6.

15  To prove JBeezy's publicly available addresses, Brown requests the court take judicial

16  notice of JBeezy's 2006 Articles of Organization, which includes Jason Bernard Brown's address

17  at the time and presumably in 2011, and its 2008 Statement of Information, which includes

18  Brown's home address and Jason Bernard Brown's address, filed with the California Secretary of

19  State.  *See* Def.'s Req. Jud. Notice, ECF No. 46-2; Brown Decl. Ex. A, ECF No. 46-3.  Brown

20  also provides a declaration, stating he no longer had a stake in the company after 2008, did not

21  know Borry Johnson and never received a copy of the summons or the complaint for this action.

22  *See* Brown Decl.

23  In response, J&J does not object that Brown's motion is unreasonably late, or to the

24  court's considering the merits.  J&J claims fundamentally that it properly executed substituted

25  service on Brown.[1]  *See* Opp'n at 5–9, ECF No. 47.  J&J requests the court take judicial notice of

---

[1] J&J also requests "any appropriate remedy" for Brown's failure to meet and confer with J&J before filing this motion.  *See* Opp'n at 4; Riley Decl. ¶¶ 4–5, ECF No. 47-2.  Brown's counsel, Kellan Patterson, has responded that he attempted to reach out to plaintiff's counsel but received no response.  Patterson Decl. ¶ 5, ECF No. 48-1.  Under the court's standing order,

1    JBeezy's 2008 Statement of Information in part to show that Brown listed his title with JBeezy as

2    "CFO" and that his address was crossed out in the document, as well as the liquor license with the

3    California Department of Alcoholic Beverage Control, which was in effect at the time of the

4    violation, because it lists the address of the business as 3270–3272 Northgate Boulevard in

5    Sacramento and Brown as a licensee.  *See* Pl.'s Req. Jud. Notice Exs. 1–2, ECF No. 47-1.  J&J

6    also requests the court take judicial notice of JBeezy's 2015 certificate of dissolution to show that

7    JBeezy was still formally in business in 2011 when J&J attempted to serve Brown in this action,

8    as well as JBeezy's filing history with the California Secretary of State that shows JBeezy's

9    liquor license was still active in 2011 when J&J attempted service.  *See id.* Exs. 3–4.  Further, J&J

10   requests the court take judicial notice of signed returns of service and judgments in related cases.

11   *See id.* Exs. 5–9.

12        The motion is fully briefed.  *See* Mem; Opp'n; Reply, ECF No. 48.  Plaintiff requested the

13   opportunity to submit a sur-reply.  *See* ECF No. 50.  The court denies the request as it does not

14   require further briefing.  The court submitted the matter without oral argument under Local Rule

15   230(g).  *See* Min. Order (Mar. 26, 2025), ECF No. 52.

16   **II.    JUDICIAL NOTICE**

17        A judicially noticed fact is a "fact not subject to reasonable dispute."  Fed. R. Evid. 201(b).

18   A fact is not subject to reasonable dispute if it is generally known or if it can be accurately and

19   readily determined from sources whose authority cannot reasonably be questioned.  *See id*.  The

20   court must take judicial notice "if a party requests it and the court is supplied with the necessary

21   information."  *Id.* 201(c)(2).  "Judicial notice is appropriate for records and 'reports of

22   administrative bodies,'" because their authority usually cannot reasonably be questioned.  *Grant v.*

23   *Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1263 (N.D. Cal. 2010) (quoting *United States v.*

24   *14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir. 2008)).  Courts

25   also may "take notice of proceedings in other courts, both within and without the federal judicial

parties "[p]rior to filing a motion in a case in which the parties are represented by counsel,
counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the
contemplated motion and any potential resolution."  Civ. Standing Order 4(a).  Given Mr.
Patterson's representation, J&J's request is unsupported.

1    system, if those proceedings have a direct relation to the matters at issue." *United States ex rel.*

2    *Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (quoting

3    *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).  However, "[w]hile

4    a court may take judicial notice of a judicial or administrative proceeding which has a 'direct

5    relation to the matters at issue,' a court can only take judicial notice of the existence of those matters

6    . . . but not the veracity of the arguments and disputed facts therein." *United States v. S. Cal. Edison*

7    *Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) (quoting *United States ex rel. Robinson Rancheria*

8    *Citizens Council*, 971 F.2d at 248).

9    **A.    Administrative Records of JBeezy**

10    The court takes judicial notice of JBeezy's 2006 Articles of Organization, Def.'s Req. Jud.

11    Notice Ex. A, its 2008 Statement of Information, Brown Decl. Ex. A; Pl.'s Req. Jud. Notice Ex.

12    2, its 2015 election to terminate as an LLC, Pl.'s Req. Jud. Notice Ex. 3, and its liquor license,

13    Pl.'s Req. Jud. Notice Ex. 1.  These documents are relevant to this motion because they document

14    addresses for JBeezy and for Brown that were publicly available in 2011 when J&J attempted to

15    serve Brown with process, and the 2015 request for dissolution indicates JBeezy was still

16    formally in business in 2011.  Neither side objects to the taking of judicial notice of these

17    documents, and there is no reason to question the authenticity of documents held by the

18    California Secretary of State and the California Department of Beverage Control; both

19    departments make the documents in question readily available online.[2]  Further, courts regularly

20    take judicial notice of business filings including articles of incorporation and articles of

21    organization.  *See Grant*, 736 F. Supp. 2d at 1263–64 (collecting authority).

22    **B.    Judicial Records of Related Cases**

23    J&J also requests the court take notice of two related cases in which Brown was a

24    defendant, *J & J Sports Productions, Inc. v. Brown*, No. 10-3233 (E.D. Cal. Feb. 6, 2012) and *Joe*

25    *Hand Promotions, Inc. v. Brown*, No. 10-0224 (E.D. Cal. Dec. 13, 2010) and the proofs of service

---

[2] https://bizfileonline.sos.ca.gov/search/business (accessed May. 7, 2025);
https://www.abc.ca.gov/licensing/license-lookup/single-
license/?RPTTYPE=12&LICENSE=444643 (accessed May 7, 2025).

1   upon Brown in both of these cases, as well as proof of service in another case from the Northern

2   District of California, *J & J Productions v. Magat*, No. 11-1149 (2011).  *See* Pl.'s Req. Jud.

3   Notice Exs. 5–9.

4   　　　The court takes judicial notice of the existence of the related cases against Brown and the

5   proofs of service filed in those cases in this district because they are relevant to Brown's motion.

6   *See United States ex rel. Robinson Rancheria Citizens Council*, 971 F.2d at 248.  The court,

7   however, can only take judicial notice of the existence of these documents, not their veracity.  *See*

8   *S. Cal. Edison Co.*, 300 F. Supp. at 974.  For example, the court cannot take judicial notice of

9   Brown's being personally served at the American Spirit Sports Bar in 2010 because whether or

10   not Brown was personally served is a contested fact the court cannot adjudicate in this posture.

11   *See* Pl.'s Req. Jud. Notice Ex. 8.  Further the court declines to take judicial notice of service of

12   process documents relating to *J & J Productions v. Magat*, as it involves a different defendant,

13   may involve contested facts, and is not helpful to the court in resolving Brown's motion.  *See id.*

14   Ex. 9.

15   **III.   RELIEF FROM JUDGMENT**

16   　　　Brown argues the judgment against him is void because he was never properly served and

17   the court therefore did not have personal jurisdiction over him when it granted J&J default

18   judgment.  Mem. at 5–6.  Upon motion, a court may relieve a party from final judgment if the

19   judgment is void.  *See* Fed. R. Civ. P. 60(b)(4).  "A judgment is void for purposes of Rule

20   60(b)(4) only if the Court that considered it lacked jurisdiction, either as to the subject matter of

21   the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of

22   law."  *United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999).  Courts do not have personal

23   jurisdiction over parties that are not properly served; thus, if Brown was not properly served in

24   this action, "the default judgment is void . . ." *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851

25   (9th Cir. 1992) (citing *Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir. 1991)).  Given that J&J

26   submitted a signed return of service, *see* Summons Returned Executed, there is a presumption

27   Brown was validly served, *see Securities & Exchange Comm'n v. Internet Solutions for Business,*

28   *Inc.*, 509 F.3d 1161, 1163 (9th Cir. 2007) (citations omitted).  Brown can only overcome that

1    presumption by presenting "strong and convincing evidence" that he was not served with process.

2    *Id.*

3        J&J claims it properly effected substitute service as provided by California law to serve

4    Brown. *See* Opp'n at 5–9. When a party serves an individual within a judicial district of the

5    United States, it may do so by methods that "follow[] state law for serving a summons in an

6    action brought in courts of general jurisdiction in the state where the district court is located or

7    where service is made . . . ." Fed. R. Civ. P. 4(e). Because this judicial district is in California,

8    J&J was allowed to serve Brown under California law. *See id.* Under California law,

9        If a copy of the summons and complaint cannot with reasonable
10       diligence be personally delivered to the person to be served . . . a
11       summons may be served by leaving a copy of the summons and
12       complaint at the person's dwelling house, usual place of abode, usual
13       place of business, or usual mailing address . . . in the presence of a
14       competent member of the household or a person apparently in charge
15       of his or her office [or] place of business . . . .

16   Cal. Civ. Proc. Code § 415.20(b). To be diligent under California law requires "two or three

17   attempts at personal service at a proper place . . ." *Espindola v. Nunez*, 199 Cal. App. 3d 1389,

18   1392 (1988). The "person apparently in charge" must be over 18 and must be informed they are

19   receiving a copy of the summons and the complaint. *See* Cal. Civ. Proc. Code § 415.20(b). A

20   "[u]sual place of business includes a defendant's customary place of employment as well as his

21   own business enterprise." *Com. J. Recovery Fund 1 LLC v. A2Z Plating Co., Inc.*, No. 11-0572,

22   2011 WL 2941029, at *2 (C.D. Cal. July 15, 2011) (quoting Jud. Council Comment to Cal. Civ.

23   Proc. Code § 415.20(b)). After leaving a copy of the summons and the complaint with a person

24   apparently in charge, a party must then "mail[] a copy of the summons and of the complaint by

25   first-class mail, postage prepaid to the person to be served at the place where a copy of the

26   summons and complaint were left." Cal. Civ. Proc. Code § 415.20(b).

27       Having carefully reviewed the record, the court finds no reason to disturb its original

28   finding that J&J properly served Brown through substitute service as Brown has not shown by

29   strong and convincing evidence that the signed return of service in this case is invalid. The

30   record supports the conclusion J&J was "diligent" in the sense required by California law. Its

1   process server attempted to personally serve Brown six times at the American Spirit Sports Bar

2   and, after the last attempt, effected substitute service.  *See* Summons Returned Executed at 2;

3   *Espindola*, 199 Cal. App. 3d at 1392 (noting party need only attempt personal service between 2–

4   3 times to show diligence).  The American Spirit Sports Bar allegedly was controlled by Brown,

5   *see* Compl. ¶ 8, and this allegation was plausible as Brown was identified as a licensee on

6   American Spirit Sports Bar's liquor license that was active in 2011 when J&J attempted to serve

7   him.  Pl.'s Req. Jud. Not. Ex. 1.  Brown also was listed as the CFO of JBeezy as of 2008, and it

8   was plausible he still possessed that position in 2011.  *See id.* Ex. 2.  J&J left a copy of the

9   complaint and the summons with a person apparently in charge at the Sports Bar address: Borry

10  Johnson.  *See* Summons Returned Executed at 2.  The process server mailed a copy of the

11  summons and of the complaint by First Class mail to Brown at the American Spirit Sports Bar the

12  day after leaving the copy of the summons and complaint with Borry Johnson.  *See id.* at 3.  J&J

13  abided by California's rules for substituted service.  *See* Cal. Civ. Proc. Code § 415.20(b).

14  Because J&J served Brown properly under California law, J&J also served Brown properly under

15  Federal Rule of Civil Procedure 4(e).  And because he was served properly under Rule 4(e), the

16  court had personal jurisdiction over Brown and the default judgment is not void under Rule

17  60(b)(4).

18       Brown argues J&J should have attempted service at either his home address or the address

19  of Jason Bernard Brown as those were the addresses listed on JBeezy's Articles of Organization

20  and Statement of Information filed with the California Secretary of State.  *See* Mem. at 5–6;

21  Reply at 2–4.  As J&J points out in response, however, the address of American Spirit Sports Bar,

22  3270–3272 Northgate Boulevard in Sacramento, was listed on JBeezy's liquor license and Brown

23  was listed as a licensee on the liquor license.  *See* Opp'n at 7; Pl.'s Req. Jud. Notice Ex. 1.

24  Plaintiffs can rely on information on a liquor license for the purposes of effectuating service.  *See*

25  *Innovative Sports Mgmt., Inc. v. Lizcano*, No. 24-2678, 2024 WL 5213100, at *1 (N.D. Cal. Dec.

26  23, 2024) (plaintiff identified names of officers and owners of business on business's liquor

27  license for purposes of service).  The complaint also alleged Brown had dominion or control over

28  the American Spirit Sports Bar.  *See* Compl. ¶ 8.  In short, plaintiff had enough information to

1    plausibly allege American Spirit Sports Bar was a "usual place of business" for Brown and thus

2    an acceptable place to effect substitute service under California Code of Civil Procedure section

3    415.20(b).  *See McComb v. Vejar*, No. 14-0941, 2014 WL 5494017, at *3 (C.D. Cal. Oct. 28,

4    2014) (finding plaintiff was diligent under section 415.20(b) after attempting service three times

5    at defendant's alleged place of business).

6          Further, there is no evidence J&J actually knew or should have known of Brown's home

7    address.  Brown's home address is not identified in the complaint and J&J's process server

8    declared he was unaware of Brown's home address in attempting service of the summons.  *See*

9    Summons Returned Executed at 2.   While JBeezy's Statement of Information lists an address

10   that Brown says is his home address, the document does not identify it as Brown's home address.

11   *See* Pl.'s Req. Jud. Notice Ex. 2.  The address is also crossed out, suggesting it might not be a

12   valid address.  *See id.*

13         Finally, J&J did not need to effect service perfectly; it only needed to effect service in

14   accordance with California law.  *See Innovative Sports Mgmt., Inc*, 2024 WL 5213100, at *3

15   (noting all plaintiffs are required to do is satisfy "the bare minimum requirements for service of

16   process in California").  By attempting to personally serve Brown six times at the American Spirit

17   Sports Bar, by leaving a copy of the summons and complaint with Borry Johnson, the person "in

18   charge," and then by mailing a copy of the complaint and the summons to Brown at the American

19   Spirit Sports Bar by First Class mail, J&J abided by California law and served Brown as required

20   by Rule 4(e).

21         Brown argues J&J should not have executed service at the American Spirit Sports Bar

22   because it had closed down as a business by 2011.  Brown points to the proof of service on which

23   the process server stated on four occasions, "NOT IN (BUSINESS)."  Summons Returned

24   Executed at 2.  Brown interprets this statement as meaning American Spirit Sports Bar was no

25   longer in business.  *See* Mem. at 5.  J&J contests this interpretation and argues it means

26   something to the effect of Brown "was not present at the business at that time."  Opp'n at 10.  In

27   any event, Brown offers no independent proof American Spirit Sports Bar was not in business in

28   2011.  As J&J points out, JBeezy's liquor license was not revoked until 2014, *see id.* Ex. 1, and

1   JBeezy did not formally dissolve until 2015, Pl.'s Req. Jud. Notice Ex. 3.  As J&J also points out,

2   Borry Johnson was at the bar the sixth time the process server visited.  *See* Summons Returned

3   Executed at 2; Opp'n at 10.  Even if the bar was not open to customers, it was not unreasonable

4   for the process server to conclude there was still someone apparently in charge at American Spirit

5   Sports Bar when attempting service on Brown.

6        Brown also argues service was improper because he did not know Borry Johnson, was not

7   involved with American Spirit Sports Bar at the time and never received the summons or

8   complaint. *See* Brown Decl. ¶¶ 6–7; Reply at 3.  Whether or not Brown actually knew Borry

9   Johnson is not relevant to the question whether J&J properly served Brown under California law.

10  All that matters to satisfy California service requirements is that Borry Johnson was apparently in

11  charge at the time the process server came to the establishment.  *See Halo Elecs., Inc. v. Bel Fuse*

12  *Inc.*, No. C-07-06222, 2010 WL 2605195, at *3 (N.D. Cal. June 28, 2010) (holding defendant to

13  be properly served even after process server served someone who did not work at defendant's

14  business because circumstances allowed server to plausibly believe the person was "apparently in

15  charge" of the business).  Brown does not allege the process server was acting in bad faith,

16  unreasonably mistaken, or was lying when he listed Borry Johnson as someone who was

17  apparently in charge at the American Spirit Sports Bar.  Brown's declaration that he did not

18  receive service, without other evidence, does not constitute "strong and convincing evidence" that

19  can overcome the presumption the signed return of service constitutes proof of valid service.  *See*

20  *Herbalife Int'l of Am., Inc. v. Healthy1 Inc.*, 18-6378, 2019 WL 7171553, at *4 (C.D. Cal. Dec. 5,

21  2019) (collecting authority).

22       Finally, Brown claims he has meritorious defenses.  *See* Brown Decl. ¶ 18.  Under Rules

23  55(c) and 60(b), a court can set aside a default or a default judgment for "good cause."  *See* Fed.

24  R. Civ. P. 55(c).  To determine good cause, courts consider these factors: (1) whether Brown

25  engaged in culpable conduct that led to the default; (2) whether Brown had meritorious defenses;

26  and (3) whether reopening the default judgment would prejudice J&J.  *See Franchise Holding II,*

27  *LLC v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (citing *American*

28  *Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)).

1    As J&J points out, Brown has not come close to meeting the good cause standard as he

2  has provided no evidence of the merits of his defenses, instead making only conclusory

3  statements.  *See* Opp'n at 13 (citing *Franchise Holdings II,* 375 F.3d at, 926 (holding conclusory

4  statements of meritorious defenses not enough to vacate default or default judgment)).  Brown has

5  not shown good cause for the court to set aside the default judgment.

6    The court's default judgment against Brown is not void as a matter of law.

7  **IV.    CONCLUSION**

8    For the reasons stated above, the court **denies** Brown's motion.

9    This order resolves ECF No. 46.

10    IT IS SO ORDERED.

11  DATED:  May 7, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE